different shape from the one which this die makes, and if the principle contended for by this patentee is sound, we should have a new patent for every conceivable new form of die, not only in chord-bar heads, but for every other form into which iron can be worked by the aid of dies. There is certainly nothing new in this device; there is no novelty in the mere change of form of the die, so as to change the form of that which is manipulated under the die.

The bill will be dismissed.

———

SMITH (APPLETON v.). See Case No. 498.

———

## Case No. 13,003.

### SMITH v. ARDEN.

[5 Cranch, C. C. 485.] 1

Circuit Court, District of Columbia. Nov. Term, 1838.

REAL PROPERTY — PARAMOUNT TITLE — SUBPURCHASER—NOTES—RIGHTS OF INDORSER.

1. A sub-purchaser, who gets in the paramount title, is bound in equity to fulfil his contract with the first purchaser, deducting what he has been obliged to pay to get in the title.

2. The first purchaser of several lots having given his several notes for each lot respectively, with the same indorser, and the lots having been resold for his default, some of the lots bringing more, and some less than the first contract price, it was held that the indorser was entitled to the benefit of the surplus of one to make good the deficiency of the others.

[This was an action by Clement Smith against Arden's heirs.]

Upon a motion for ratification of a sale which had been made under a decree in this cause, and for disposition of the proceeds of the sale, the facts, by the statement of the parties, appeared to be these: Certain lots in the city of Washington had been sold under a deed of trust from D. C. Mr. Arden became the purchaser, and gave a separate note for each lot, with J. C. R. as his indorser. Arden sold a lot to Hill, who sold it to Mr. Coyle. Arden's note, given for the lot, was assigned to the complainant, Clement Smith; Arden failed to pay Smith; Hill failed to pay Arden, and Coyle failed to pay Hill. The lot was resold by the trustee of D. C., and at that sale Coyle became the purchaser, with notice of the sale by Arden to Hill, and of Hill's delinquency.

On the 28th December, 1838, THE COURT (MORSELL, Circuit Judge, doubting) decided that Coyle, standing in the place of Hill, with notice, must pay the purchase-money due from Hill to Arden, deducting what Coyle has paid, or is to pay, to get in the legal title. And as some of the lots sold for more, and some for less, than the respective notes given by Arden, therefore,

THE COURT (CRANCH, Chief Judge, not

———

1 [Reported by Hon. William Cranch, Chief Judge.]

giving any opinion upon that point) decided that the indorser of Arden's notes was entitled to the benefit of the surplus of one to make good the deficiency of the others.

———

## Case No. 13,004.

### SMITH v. ARNOLD.

[5 Mason, 414.] 1

Circuit Court, D. Rhode Island. Nov. Term, 1829.

STATUTE OF FRAUDS—SUFFICIENCY OF MEMORANDUM—AUCTION SALE BY ADMINISTRATOR.

1. Where a sale was made by an administrator, at public auction, of the real estate of his intestate, under a license of the proper court, to pay debts, and he acted as auctioneer at the sale; it was held, that a memorandum by him of the sale at the time, was not binding on the purchaser, who bid at the sale, and that he was not his agent so as to make the sale a valid contract under the statute of frauds of Rhode Island.

[Cited in Camden v. Mayhew, 129 U. S. 85, 9 Sup. Ct. 249; Pewabic Min. Co. v. Mason, 145 U. S. 362, 12 Sup. Ct. 890.]

[Cited in Barron v. Mullin, 21 Minn. 376; Bent v. Cobb, 9 Gray, 399; Hutton v. Williams, 35 Ala. 503; McGuinness v. Whalen, 16 R. I. 560.]

2. No memorandum under the statute of frauds is sufficient, unless it state the price and material terms of the contract for the sale of lands.

[3. Cited in Blossom v. Milwaukee & C. R. Co., 3 Wall. (70 U. S.) 207, and Blackburn v. Selma R. Co., 3 Fed. 695, to the point that a sale made under the direction of a court of chancery is not final until a report is made to the court, and it is approved and confirmed. The purchaser becomes a party to the suit and is subject to the orders of the court.]

[4. Cited in Bamber v. Savage, 52 Wis. 113, 8 N. W. 609; Capehart v. Hale, 6 W. Va. 551; Gwathney v. Cason, 74 N. C. 5; Horton v. McCarty, 53 Me. 397; Walker v. Herring, 21 Grat. 682,—to the point that the memorandum of the auctioneer, in order to bind the purchaser, must be made contemporaneous with the sale.]

Assumpsit [by Dutee Smith, administrator of Russell Aldridge, against John Arnold]. The declaration was for the price of a certain farm sold by the plaintiff, as administrator of Russell Aldridge, to the defendant, the defendant refusing to complete the purchase. Plea, non-assumpsit.

At the trial it appeared, that the plaintiff was duly licensed as administrator, by the supreme court of Rhode Island, to sell the land in controversy; and that it was duly advertised for sale, at public auction, in May, 1824. The administrator acted as auctioneer at the sale, (administrators being exempted from the prohibitions of the statute of Rhode Island as to public sales,) and the defendant being the highest bidder at the sale, the premises were struck off to him. The advertisement was of all the right and title of the intestate in the premises. The administrator wrote down, at the time of the sale, upon a paper containing the conditions

———

1 [Reported by William P. Mason, Esq.]